IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MICHAEL FIORITO,

    Plaintiff,

v.

KATIE HALPIN, STATE FARM AGENCY, LCC,

    Defendant.

Civil No. 25-697 (RMB-MSJ)

**OPINION**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Michael Fiorito's Complaint and Application to Proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 1-2.] Plaintiff's IFP application establishes his financial eligibility to proceed without pre-payment of fees and costs and will be granted. 28 U.S.C. § 1915.

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts may also screen and dismiss a complaint under 28 U.S.C. § 1915 for lack of subject matter jurisdiction. *Kaplan v. Garrison*, 2015 WL 5109735, at *1 (D.N.J. Aug. 31, 2015); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) (federal courts can raise lack of subject matter jurisdiction on their own at any time). Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

Plaintiff asserts that this Court has both federal question and diversity jurisdiction over this case. But Plaintiff has failed to plead any federal causes of action. [Compl. at 3–4.] And the parties, as alleged, are not diverse. Diversity jurisdiction requires the plaintiff and defendant to be citizens of two different states. 28 U.S.C. § 1332(a). Plaintiff, formerly a prisoner at Federal Correctional Institution Fort Dix in New Jersey, now resides in Minnesota. [Compl. at 5 (Plaintiff is "[a] resident of Bloomington, Hennepin County, Minnesota"); Docket No. 1-2 ("I have been out of federal prison for 10 months[.]").] The Defendant, as alleged, is a citizen of Minnesota. [Compl. at 5 (Defendant is "[a] business entity domiciled in Minnesota").] Although "residency" is not synonymous with domicile—the relevant determiner of citizenship for purposes of diversity jurisdiction, *Vanz, LLC v. Mattia & Assocs.*, 2016 WL 3148400, at *3 (D.N.J. May 17, 2016) ("The citizenship of a natural person is determined by their domicile, not their residence")—it is still *prima facie* evidence of an individual's domicile, *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile[.]"). Because Plaintiff has failed to plead allegations sufficient to establish diversity of citizenship, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction. An appropriate Order shall issue.

**March 7, 2025**
Date

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge